UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 04-21065-CIV-COOKE/MCALILEY

SAWSAN BABAN, as a Personal Representative
of the Estate of DR. HUSSAM SAADALDIN,

       Plaintiff,

vs.

INTERCONTINENTAL HOTELS GROUP PLC,
a United Kingdom company d/b/a Holiday Inn;
INTERCONTINENTAL HOTELS CORPORATION,
a Delaware corporation; INTERCONTINENTAL
HOTELS GROUP RESOURCES, INC., a Delaware
Corporation; HOLIDAY INNS (MIDDLE EAST)
LIMITED; a foreign company d/b/a/ Holiday Inn -
Najran; NOKIA CORPORATION, a foreign corporation;
NOKIA, INC., a Delaware corporation; and NOKIA
AL-SAUDIA LIMITED, a foreign company,

       Defendants.
_____/



FILED by _____ D.C.
MGC

MAR 3 1 2005

CLARENCE MADDOX
CLERK U. S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER GRANTING DEFENDANT'S, NOKIA CORPORATION'S, RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND DENYING ALL MOTIONS REGARDING NOKIA CORPORATION AS MOOT

    **THIS CAUSE** came before the Court on Defendant's, Nokia Corporation's ("Nokia" or "Defendant"), Motion to Dismiss for Lack of Personal Jurisdiction [DE 48]. The Court having carefully examined the record and being otherwise advised in the premises, it is **ORDERED AND ADJUDGED** that Defendant's, Nokia's, Motion to Dismiss is **GRANTED**.

*I.*    *Introduction*

    Plaintiff, Sawsan Baban ("Plaintiff" or "Baban"), as Personal Representative of the Estate of Dr. Hussam Saadaldin ("Saadaldin"), filed suit against Intercontinental Hotels Group PLC ("IHG"), Intercontinental Hotels Corporation ("IHC"), Intercontinental Hotels Group Resources,

Inc. ("IHGR"), Holiday Inns (Middle East) Limited ("HI"), Nokia Corporation ("Nokia"), Nokia, Inc., and Nokia Al-Saudia Limited, for damages regarding the death of her husband, Saadaldin in a camel riding accident in Sadia Arabia. Plaintiff alleges negligence on the part of IHG (Count I), IHGR (Count II), IHC (Count III), HI (Count IV), Nokia (Count V), Nokia, Inc. (Count VI), and Nokia Saudi (Count VII), concerning the circumstances surrounding the death of Saadaldin. *See* Complaint, pp 10-37. Defendant, Nokia, has moved to dismiss Plaintiff's Complaint against Nokia for lack of personal jurisdiction by the Court.

## II.    *Factual Background*

Plaintiff and her husband were residents of Tampa, Florida in May, 2001[1] when her husband accepted an offer for temporary employment by Saudi Inteltee, a telecommunications company, engaged in a large telecommunications project in Saudi Arabia. *See* Complaint at ¶ 7. Plaintiff claims Saudi Inteltee was contracted by Nokia (and/or Nokia, Inc., and/or their agent, affiliates or subsidiaries) to establish or modernize communications systems in Saudia Arabia (hereinafter "Nokia Project" or the "Project"). *Id.* at ¶ 8.

On May 5, 2002, after the completion of a significant phase of the Nokia Project, Nokia and/or its agents, allegedly sponsored a two day trip to the Holiday Inn-Najran, in the United Kingdom of Saudi Arabia. *Id.* at ¶ 10. Saadaldin and others (who were involved in the Nokia Project) subsequently traveled into the desert to a tent set up by the hotel, where they were to have dinner and embark on a group camel ride arranged by the Holiday Inn-Najran. *Id* at ¶ 11.

Plaintiff avers that as Saadaldin and others were riding camels, "one or more of the camels suddenly bolted causing the other camels, including the camel ridden by Saadaldin, to run

_____

[1]According to Plaintiff's Complaint, she still lives in Tampa, Florida.

away and become uncontrollable." *See id.* at ¶12. Saadaldin, who had never ridden a camel

before, fell and sustained injuries. He died as a result of these injuries on May 21, 2002.

Plaintiff alleges that although Nokia is a corporation organized under the laws of the

Republic of Finland, Nokia personally, or through an agent, conducts business in the State of

Florida. Plaintiff also asserts that Nokia is publicly traded on the New York Stock Exchange and

is marketed to potential investors in Florida, and that Nokia, Inc. has been designated Nokia's

agent in the United States. *See* Complaint ¶ 26 (a)-(e). Plaintiff therefore claims that personal

jurisdiction over Nokia exists pursuant to Fla. Stat. § 48.193 (1) (a).[2] Plaintiff also claims that

Nokia "directly or through an agent engaged in continuous, substantial and not isolated activity

within Florida, and therefore, jurisdiction exists pursuant to Fla. Stat. § 48.193(2). " *See*

Complaint ¶ 26 (b).[3] Finally, Plaintiff claims that Nokia is also subject to this Court's personal

jurisdiction pursuant to Fla. Stat. § 48.181(3).[4]

---

[2]According to Fla. Stat. § 48.193(1)(a),
> Any person, whether or not a citizen or resident of this state, who
> personally or through an agent does any of the acts enumerated in this
> subsection thereby submits himself or herself and, if he or she is a
> natural person, his or her personal representative to the jurisdiction of
> the courts of this state for any cause of action arising from the doing
> of any of the following acts:
> (a) Operating, conducting, engaging in, or carrying on a
> business or business venture in this state or having an office or agency
> in this state.

[3]Fla. Stat. § 48. 193(2) states that:
"A Defendant who is engaged in substantial and not isolated activity within this state, whether such
activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this
state, whether or not the claim arises from that activity."

[4] Under Fla. Stat. 48.181(3), which addresses service of process on a non-resident engaging in
business in the state of Florida:
> Any person, firm, or corporation which sells, consigns, or leases by
> any means whatsoever tangible or intangible personal property,

### III.    Legal Standards

On a Motion to Dismiss for lack of personal jurisdiction it is the plaintiff who has the

burden of establishing a prima facie case of personal jurisdiction over the movant, the defendant.

*See Morris v. SSE, Inc.* 843 F.2d 489, 492 (11th Cir. 1988).  "A prima facie case is established if

the plaintiff presents sufficient evidence to defeat a motion for a directed verdict.  The district

court must construe the allegations in the complaint as true, to the extent they are uncontroverted

by defendant's affidavit or deposition testimony."  *See id.*   "When a defendant raises through

affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden

shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents."  *See*

*Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996).  If there is a conflict in

the parties' affidavits or depositions, "the court must construe all reasonable inferences in favor

of the non-movant plaintiff."  *See Morris*, 843 F.2d at 492.

Importantly, the district court sitting in diversity may only exercise personal jurisdiction

over a defendant pursuant to the law of the forum state, and to the extent allowed under the

United States Constitution.  *See Meir ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F. 3d 1264, 1269

(11th Cir. 2002).

### IV.    Discussion

#### A.    Personal Jurisdiction Under the Florida Long Arm Statute

To determine whether this Court has personal jurisdiction over Nokia, the Court must

---

through brokers, jobbers, wholesalers, or distributors to any person,
firm, or corporation in this state is conclusively presumed to be both
engaged in substantial and not isolated activities within this state and
operating, conducting, engaging in, or carrying on a business or
business venture in this state.

undertake a two part test. First, the Court must determine if Florida's Long Arm Statute provides a basis for personal jurisdiction over Nokia. "If so, then [the Court] must determine whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy 'traditional notions of fair play and substantial justice' under the Due process clause of the Fourteenth Amendment." *See Sculptchair*, 94 F.3d at 626.

The Florida Long Arm Statute provides for personal jurisdiction under two circumstances. First, it "provides for personal jurisdiction when a claim arises from the defendant's forum-related contacts." *See Alternate Energy Corp. v. Redstone*, 328 F. Supp. 2d 1379, 1382 (2004). One of the "actions that give rise to specific jurisdiction [is] carrying on a business in Florida, which confers jurisdiction pursuant to Fla. Stat. 48.193(1)(a)." *See id.* General personal jurisdiction, on the other hand, is conferred on a defendant pursuant to Fla. Stat. § 48.193(2) when the defendant's forum-related contacts are sufficiently extensive, even though the case did not arise out of those contacts. *See id.*

In this case, since Plaintiff's claims arise out of conduct that allegedly occurred in Saudi Arabia, and not from Nokia's activities in Florida, Nokia is not subject to specific personal jurisdiction in Florida. *See* Fla. Stat. § 48.193 (2).[5] Therefore, Plaintiff must show that Nokia is subject to the general personal jurisdiction of this Court. "The due process requirements for general personal jurisdiction are more stringent than for specific jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the

_____

[5]According to Fla. Stat. § 48.193(2):
> A defendant who is engaged in substantial and not isolated activity
> within this state, whether such activity is wholly interstate, intrastate,
> or otherwise, is subject to the jurisdiction of the courts of this state
> whether or not the claim arises from that activity.

forum state." *See Consolidated Development Corp. v. Sherrit, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000).

To support its assertion that Nokia has engaged in continuous and systematic general business contacts with Florida, Plaintiff asserts that Nokia is a Finnish public limited liability company that is publicly traded on the New York Stock Exchange under the symbol "NOK," and consequently has a representative in the United States. *See* Plantiff's Response to Nokia Corporation's motion to Dismiss for Lack of Personal Jurisdiction ("Pl. Resp."), pg. 7. According to Plaintiff, Nokia Inc.is Nokia's agent for SEC purposes. Plaintiff also asserts that Nokia, Inc. is the lobbying registrant for Nokia in the United States House of Representatives, and trade associations of which Nokia, Inc. is a member, treat Nokia Inc. and Nokia as one in the same. *See* Pl. Exhibit 8 - SEC Form 20-F ("Pl. Ex. 8"), pg. 18; Pl. Ex. 11; *See* Pl. Ex. 2.

Plaintiff's assertions fail for lack of credible evidentiary support. For example, although Plaintiff claims that Nokia, Inc., is a lobbying registrant for Nokia Corporation in the United States House of Representatives, there is no reference whatsoever to Nokia in Plaintiff's exhibit[6], and there is absolutely no indication that Nokia, Inc. is lobbying on behalf of Nokia. *See* Pl. Ex. 11. Further, simply because a trade association has listed Nokia's corporate website as Nokia Inc.'s website, without more, does not automatically make Nokia Inc., Nokia's agent.[7]

This Court does not have jurisdiction over Nokia, by virtue of Nokia, Inc. business relations with the State of Florida. To establish personal jurisdiction over a foreign corporation,

---

[6]Plaintiff's Exhibit 11 is a printout of the website:
http://clerk.house.gov/pd/houseID.html?reg_id=33500.

[7]The Court notes that Plaintiff has failed to provide any affidavits or deposition testimony to controvert Defendant's assertion that Nokia, Inc. is not its agent.

Plaintiff must show more than the mere presence of a subsidiary in the forum state. *See Meier*,

288 F.3d at 1272. If, however, it is demonstrated that:

> the subsidiary is merely an agent through which the parent
> company conducts business in a particular jurisdiction or its
> separate corporate status is formal only and without any semblence
> of individual identity, then the subsidiary's business will be viewed
> as that of the parent and the latter will be said to be doing business
> in the jurisdiction through the subsidiary for purposes of asserting
> personal jurisdiction.

*See id.* Here, Plaintiff has not shown where Nokia, Inc., is merely an instrument through which

Nokia does business in Florida. In fact, Ursula Ranin, President, General Counsel and the

Secretary responsible for oversight of Nokia's corporate books and records, states that: (1) Nokia

is not registered to do business in the State of Florida; (2) Nokia has never been registered to do

business in the State of Florida, and the company has no registered agent in State of Florida; (3)

Nokia does not do business in the State of Florida; (4) Nokia has no bank accounts in the State of

Florida; (5) Nokia has no employees in the State of Florida; (6) Nokia Inc. is separately managed;

(7) Nokia does not directly intervene in the day to day operations of Nokia Inc.; and (8) Nokia

does not exercise direct control over the actions of Nokia Inc. *See* Affidavit of Ursula Ranin

("Ranin Aff.").

Given that Nokia has provided the affidavit of its President and General Counsel, stating

that it does not have the necessary contacts with the State of Florida to satisfy the personal

jurisdiction requirements of this Court, Plaintiff must now "substantiate the jurisdictional

allegations in the Complaint by affidavits or other competent proof, and not merely reiterate the

factual allegations contained in the complaint." *See Lauzon v. Joseph Ribkoff, Inc.*, 77 F. Supp.

2d 1250, 1253 (S.D. Fla. 1999).  Plaintiff has failed in this regard.

Notwithstanding the lack of any sworn testimony, Plaintiff also asserts that all U.S. sold Nokia Phones have a limited warranty, which is serviced in Florida.  Pl. Resp. pg. 9.  Plaintiff claims that Nokia, Inc. is the entity administering the warranty for Nokia in the State of Florida, and states that "it is presumed that Nokia Inc. administers the NOKIA warranty program pursuant to an arms length contract of some sort and is presumed to be reimbursed for its warranty repair and overhead expenses from Nokia." *See* Pl. Resp. Pg. 9.  Plaintiff, however, provides no evidentiary support for this allegation.  In fact, the warranty specifically states that "Nokia Inc. warrants that Nokia cellular phones...are free from defects in material and workmanship." *See* Nokia Phones Limited Warranty, ("Pl. Ex. 3"), at 1.  There is no indication from the warranty that there is any agreement between Nokia and Nokia, Inc. regarding reimbursement for warranty repairs and overhead expenses.

Plaintiff further claims that Nokia maintains a website (www.nokia.com), which is interactive, allowing persons to "purchase phones, accessories, software, gift certificates, phone usage plans from Cingular, T-Mobile and AT&T." *See* Pl. Resp, pg. 9.  Plaintiff additionally claims that through the website, customers "can write, are given an 800 number to call Nokia...track orders for phones, register a phone, verify warranty status, download digital content, and get on-line technical assistance for their phones or other Nokia items." *See id* at 9. However, the President and Legal Counsel of Nokia Inc., has stated clearly that "Nokia Corporation sells no products to the Unites States over its website." *See* Richard Stimson's Affidavit ("Stim. Aff."), at ¶ 6.  Plaintiff's own exhibits show that United States customers can purchase Nokia products from Nokia Inc., the owner of the website, www.nokiausa.com, which

is displayed in Plaintiff's exhibits. *See* Pl. Exs. 3, 4; Stim. Aff. at ¶ 5.

In short, Plaintiff has failed to carry its burden to show that this Court can exercise personal jurisdiction over Nokia. At this juncture, it bears repeating that "the district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavit or deposition testimony." *See Morris*, 843 F.2d at 492. It is **only** when the parties' affidavits or depositions conflict that the Courts must construe all reasonable inferences in favor of Plaintiff. *See id.* In this case, Plaintiff has failed to **cite** to any affidavit or deposition testimony to support its assertions, and merely provide internet printouts that fail to substantiate some of its most crucial arguments.

Interestingly, Plaintiff argues that she had insufficient time to conduct jurisdictional discovery. This Court disagrees. The Court notes that:

1.     Nokia first filed its Motion to Dismiss for Lack of Personal Jurisdiction [DE 32] on August 5, 2004;

2.      Plaintiff first requested an extension of time to respond to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [DE 41] on August 17, 2004, requesting an additional 90 days (through and including November 16, 2004) within which to engage in jurisdictional discovery and to file responses;

3.     The Court granted Plaintiff's Motion for Extension of Time [ DE 50] on November 1, 2004, allowing Plaintiff until November 16, 2004 to file her response;

4.     Plaintiff once again requested an extension of time to file her responses [DE 51] on November 16, 2004; and

5.     The Court granted Plaintiff's request for extension of time [DE 63] on December

21, 2004.  On that occasion, the Court allowed Plaintiff until January 14, 2005 to file her

response to Nokia's Motion to Dismiss for Lack of Personal Jurisdiction.

Consequently, all materials related to Plaintiff's Response to Nokia Corporation's Motion to

Dismiss for Lack of Personal Jurisdiction [DE 70] filed later than the assigned deadline of

January 14, 2005, shall be stricken from the record for failure to adhere to the Court's December

21, 2004 Order.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss for Lack of

Personal Jurisdiction is **GRANTED**.  All Pending Motions regarding Defendant, Nokia

Corporation are **DENIED** as **MOOT**.

**DONE AND ORDERED** in Chambers, in Miami, Miami-Dade County, Florida this

_31_ day of March, 2005.

                            **THE HONORABLE MARCIA G. COOKE**
                            **UNITED STATES DISTRICT JUDGE**

cc:    The Honorable Magistrate Judge Chris M. McAliley
       Jeanette C. Lewis, Esq.
       Matthew Mudano, Esq.
       Greg Gaebe, Esq.
       Rolando Diaz, Esq.
       Kristine McALister Brown, Esq.
       Robert L. Parks, Esq.