UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 04-21065-CIV-COOKE/MCALILEY

SAWSAN BABAN, as a Personal Representative
of the Estate of DR. HUSSAM SAADALDIN,

      Plaintiff,

vs.

INTERCONTINENTAL HOTELS GROUP PLC,
a United Kingdom company d/b/a Holiday Inn;
INTERCONTINENTAL HOTELS CORPORATION,
a Delaware corporation; INTERCONTINENTAL
HOTELS GROUP RESOURCES, INC., a Delaware
Corporation; HOLIDAY INNS (MIDDLE EAST)
LIMITED; a foreign company d/b/a/ Holiday Inn -
Najran; NOKIA CORPORATION, a foreign corporation;
NOKIA, INC., a Delaware corporation; and NOKIA
AL-SAUDIA LIMITED, a foreign company,

      Defendants.
_____/



FILED by _____ D.C.
MGC
JUN 17 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER GRANTING DEFENDANTS INTERCONTINENTAL HOTELS CORPORATION AND INTERCONTINENTAL HOTELS GROUP RESOURCES, INC. MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** came before the Court on Defendants Intercontinental Hotels Corporation ("IHC") and Intercontinental Hotels Group Resources ("IHGR") Motion for Summary Judgment [DE 98], filed April 8, 2005. For the reasons more fully stated below, Defendants' Motion for Summary Judgment is **GRANTED**.

*I.*    *Introduction*

Plaintiff, Sawsan Baban ("Plaintiff" or "Baban"), as Personal Representative of the Estate of Dr. Hussam Saadaldin ("Saadaldin"), filed suit against Intercontinental Hotels Group PLC ("IHG"), Intercontinental Hotels Corporation ("IHC"), Intercontinental Hotels Group Resources,

Inc. ("IHGR"), Holiday Inns (Middle East) Limited ("HI"), Nokia Corporation ("Nokia"), Nokia, Inc., and Nokia Al-Saudia Limited, for damages surrounding the death of her husband, Saadaldin, in a camel riding accident in Saudia Arabia. Plaintiff alleges that IHG, IHGR, IHC, HI, Nokia, Nokia, Inc., and Nokia Saudi's negligence, caused the death of Saadaldin. *See* Complaint, pp 10-37. On March 31, 2005, this Court entered an Order granting Nokia Corporation's Motion to Dismiss for Lack of Personal Jurisdiction [DE 94] and granted Intercontinental Hotels Group PLC's Motion to Quash Service of Process [DE 95].

## II.     *Factual Background*

In May, 2001, Plaintiff's husband accepted an offer for temporary employment by Saudi Inteltee, a telecommunications company engaged in a large telecommunications project in Saudi Arabia. *See* Complaint at ¶ 7. According to Plaintiff, Saudi Inteltee entered into a contract with Nokia (and/or Nokia, Inc., and/or their agent, affiliates or subsidiaries) to establish or modernize communications systems in Saudia Arabia (hereinafter "Nokia Project" or the "Project"). *Id.* at ¶ 8.

On May 5, 2002, after the completion of a significant phase of the Nokia Project, Nokia and/or its agents, are said to have sponsored a two day trip to the Holiday Inn-Najran, in the United Kingdom of Saudi Arabia. *Id.* at ¶ 10. Saadaldin and others (who were involved in the Nokia Project) traveled into the desert to a tent allegedly set up by the hotel, where they were scheduled to have dinner and embark on a group camel ride, claimed to have been arranged by the Holiday Inn-Najran. *Id* at ¶ 11.

Plaintiff avers that as Saadaldin and others were riding their camels, "one or more of the camels suddenly bolted causing the other camels, including the camel ridden by Saadaldin, to run

away and become uncontrollable." *See id.* at ¶12. Saadaldin, who had never ridden a camel before, fell and sustained injuries. On May 21, 2002, Saadaldin died as a result of the injuries he sustained.

### III.  *Legal Standards*

Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "material" if it is a legal element of the claim under applicable substantive law which might affect the outcome of the case. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). An issue is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Allen*, 121 F.3d at 646. On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party, and determine whether that evidence could reasonably sustain a jury verdict. *Celotex*, 477 U.S. at 322-23; *Allen*, at 646.

While the burden on the movant is great, the opposing party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 252. To meet this burden, the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings." *See* Fed. R. Civ. P. 56(e). A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is merely colorable or not significantly probative, is not enough. *Id.*; *see also Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996)(conclusory allegations and conjecture cannot be the basis for

denying summary judgment).

### IV. Discussion

The sole basis for Plaintiff's suit against Defendant IHG and IHGR (the "IHG Hotel Defendants" or "Defendants"), is that the IHG Hotels Defendants allegedly "individually or collectively owned, leased, operated, maintained, and/or controlled the Holiday Inn - Najran in the Kingdom of Saudia Arabia." *See* Complaint ¶ 23. And,

> [a]t all material times Holiday Inn (Middle East) Limited is the actual or apparent agent of IHG, IHG Resources and/or ICH Corp. in that it operates pursuant to and under the direction and right of control of IHG, IHG Resources and/or ICH Corp., and operates for the benefit of IHG, IHG Resources, and/or ICH Corp.

*See id* at ¶ 24. As such, Plaintiff claims that the IHG Hotel Defendants were negligent in relation to the death of Dr. Saadaldin. Specifically, Plaintiff claims that:

> [a]t all material times Defendant IHG knew or in the exercise of reasonable care should have known that riding camels is an inherently dangerous undertaking and that when offered as an amenity to tourists staying at its hotel, that it can be especially dangerous as such tourists or persons most likely to have no appreciation of the dangers inherent in camel riding, having never been exposed to or ridden a camel, are unfamiliar with how to properly use the equipment so as to ensure the greatest likelihood or level of control over the animal.

*See id.* at ¶¶ 36, 46.

Defendants argue that Plaintiff has wrongfully sued them. In particular, Defendants argue that they do not own, operate, manage, control, or had the right to control the Holiday Inn-Najran or its owner, Holiday Inns (Middle East) Limited. Among other things, Defendants assert that: (1) Holiday Inns (Middle East) is not their agent and they have never represented it to be an agent; (2) there are no interlocking directors or officers between Defendants and Holiday Inns

(Middle East) Limited; (3) Neither of the Defendants "has invested in, advertised or promoted the Holiday Inn-Najran on the internet or otherwise;" (4) Defendants have not created or otherwise established the Holiday Inn-Najran or its amenities, including camel rides; (5) Defendants have not recruited or trained the hotel management or personnel at the Holiday Inn-Najran; and (6) Defendants have provided "no guidance, oversight or supervision to any aspect of the operation of the Holiday Inn-Najran." See Affidavit of Edmund O. Archer[1] ("Archer Aff."), Defendant Exhibit 1 ("Def. Ex."), 1-3.

Plaintiff grounds her claims against Defendants in agency law. As such, Plaintiff asserts that "it is the right of control, not actual control or actual interference with the work, which is significant in distinguishing between an independent contractor and a servant." See *National Surety Corp. v. Windham*, 74 So. 2d 549, 550 (Fla. 1954). Plaintiff, therefore, encourages the Court to ignore any apparent lack of active control over the Holiday Inns-Najran Defendants. Instead, Plaintiff suggests that the Court focus on whether or not Defendants had the right to control the Holiday Inns-Najran. Notwithstanding this argument, Plaintiff has provided no evidence to controvert Defendants' claim that the Holiday Inns-Najran is not their agent.

Plaintiff responds to Defendants' Motion for Summary Judgement by asserting that the Motion is premature, because there has been insufficient discovery in this matter. It is Plaintiff's contention that "none of the parties have engaged in merits discovery and instead have limited themselves to jurisdictional discovery only." See Plaintiff's Response to Defendant's Motion for Summary judgment ("Response"), 5. Moreover, Plaintiff asserts that "Rule 26(f), Fed. R. Civ. P.

---

[1] Mr. Archer is the "Vice President & Associate General Counsel of Six Continents Hotels, Inc., the parent of Defendant, InterContinental Hotels Group Resources, Inc., and an affiliate

provides that the parties must confer in a scheduling conference to develop a discovery plan and to thereafter file a scheduling report so that a Rule 16(d) scheduling order may be entered by the Court. To date, no scheduling conference has occurred, nor was one required to have occurred." *See id.* This Court finds Plaintiff's arguments unavailing.

On August 17, 2004, Plaintiff filed a Motion for Extension of Time Within Which to Conduct Scheduling Meeting and To File Joint Scheduling Report ("Motion") [DE 43]. In that Motion, Plaintiff stated that:

> Once all parties have been served, made an appearance and it is determined which parties are to remain in this action, Plaintiff submits and proposes to conduct the Rule 16.1.B. Scheduling Conference within 20 days of this Court's ruling on the jurisdictional motions and to file the Joint Scheduling Report within 14 days thereafter.

*See* Plaintiff's Motion at ¶ 8. The Court granted Plaintiff's Motion, giving the parties the opportunity to file a Joint Scheduling Report until such time as all Defendants have been served and all Rule 12(b) motions ruled upon. Notwithstanding this allowance by the Court, this matter commenced a year ago, on May 5, 2004, with the filing of Plaintiff's Complaint. Today, Plaintiff claims to be without the most basic of information to support its allegations against Defendants. Plaintiff must have some basis for maintaining a suit against Defendants.

Plaintiff's Response does not signal any issue of material fact in dispute and provides no evidence of an agency relationship between Defendants and Holiday Inns - Najran. Instead, Plaintiff proffers that Archer's Affidavit contains mere statements of legal conclusion, and that agency and control are the crux of Plaintiff's case. Furthermore, Plaintiff argues that whether an actual or apparent agency is created, and "whether there exists the 'right of control,' are issues to

be determined in light of all the facts and circumstances of the parties' relationships and dealings." *See* Response at 9. Once again, despite this argument, Plaintiff has failed to provide the documentary evidence necessary to support its claim that Defendants possess the right of control over the Holiday Inns - Najran. Instead, Plaintiff belabors the point that there has been insufficient discovery for her to provide the requisite factual support for her arguments.

Plaintiff alleges that:

> [a]t present it is known upon information and belief that the Holiday Inn - Najran is one of 3,300 properties situated throughout the world which form part of the Intercontinental Hotels Group system. It is known that in 2003 this particular hotel won the Intercontinental hotels group 'Torchbearer Award' - an award given to the hotel achieving the highest level of excellence in all aspects of operation from quality to customer satisfaction and that the owner of the hotel accepted such award at ceremony in Atlanta, Georgia during the annual Intercontinental Hotels Group Global Investors & leadership Conference.

*See id.* These allegations, however, are insufficient to meet Plaintiff's burden. In order to defeat a motion for summary judgment, Plaintiff is required to show with some specificity that evidence exists to support his or her claim. *See Celotex Corporation v. Catrett*, 477 U.S. at 324.[2] The moving party, on the other hand, need only meet his "burden on summary judgment by 'showing' or 'pointing out' to the Court that there is an absence of evidence to support the non-moving party's case." *See Jeffrey v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (citing *Celotex*, 477 U.S. at 325). Defendants have met this burden by 'pointing out' that they

---

[2] According to the *Celotex* Court, "Rule 56 (e)...requires the nonmoving party to go beyond the pleadings and ...her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that here is a genuine issue for trial."*See Cleotex Corp. v. Catrett*, 477 U.S. at 324.

have no agency relationship with the Holiday Inns - Najran, which, as mentioned above, is the basis of Plaintiff's claims against Defendants. *See* Plaintiff's Exhibit E.

Plaintiff attempts to meet its evidentiary burden by filing a statement from a web page titled www.ameinfo.com, which states that the Holiday Inn Najran won the Intercontinental Hotels Group Torchbearer Award. Curiously, Plaintiff does not explain the significance of this award or indicate in anyway how this Award impacts her case.

Pursuant to Fed. R. Civ. P. 56 (b), "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Defendant filed such a Motion for Summary Judgement almost one year after the Complaint was filed.[3] Viewing the facts presented in the light most favorable to the non-moving party does not relieve Plaintiff from its obligation to present sufficient evidence to support her cause. It bears repeating that the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings." *See* Fed. R. Civ. P. 56(e). And, a mere "scintilla" of evidence in favor of the non-moving party, or evidence that is merely colorable or not significantly probative, is not enough. *Id.*

This Court finds that Defendants have adequately shown that Plaintiff has provided no basis for her claims against them. Consequently, it is

**ORDERED AND ADJUDGED** that:

1. Defendants' Motion for Summary Judgment is **GRANTED.**

---

[3] Plaintiff's Complaint was filed on May 5, 2004 and Defendants filed their Motion for Summary Judgment on April 8, 2005.

2. Defendants Intercontinental Hotels Group and Intercontinental Hotels Corporation are hereby **DISMISSED** from this action.

**DONE AND ORDERED** in Chambers, in Miami, Miami-Dade County, Florida this 17th day of June, 2005.

THE HONORABLE MARCIA G. COOKE
UNITED STATES DISTRICT JUDGE

cc:

The Honorable Magistrate Judge Stephen T. Brown

*All Counsel of Record*